UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVROHOM P. FRIED,<br>on behalf of himself and the class<br><br>Plaintiff,<br><br>v.<br><br>CARDTRONICS USA, INC.,<br><br>Defendant. | Civil Action No. 1:12-cv-00625<br><br>**CLASS ACTION** |

## CARDTRONICS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Cardtronics USA, Inc. ("Cardtronics"), by and through its attorneys, hereby responds to the Complaint ("Complaint") of Plaintiff Avrohom P. Fried ("Plaintiff") as follows:

## ANSWER

Cardtronics adopts for convenience the headings used in the Complaint as reference only, and denies any allegations implied thereby.

## INTRODUCTION

1. Paragraph 1 of the Complaint states a conclusion of law as to which no response is required.

2. Paragraph 2 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 2 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

3. Paragraph 3 of the Complaint states a conclusion of law as to which no response is required.

4. Paragraph 4 of the Complaint states a conclusion of law as to which no response is required.

5. Paragraph 5 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 5 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

6. Paragraph 6 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 6 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

7. Paragraph 7 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 7 is quoting the regulation, the language speaks for itself and any attempt to characterize the language is denied.

8. Paragraph 8 of the Complaint states a conclusion of law as to which no response is required.

9. Paragraph 9 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 9 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

**JURISDICTION AND VENUE**

10. Paragraph 10 of the Complaint states a conclusion of law as to which no response is required.

11. Cardtronics admits that it is the operator of the ATM relevant to this lawsuit. Except as specifically admitted, Paragraph 11 states a conclusion of law as to which no response is required.

12. Paragraph 12 of the Complaint states a conclusion of law as to which no response is required.

## PARTIES

13. Cardtronics lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and on that basis denies each and every allegation.

14. Admitted.

15. Cardtronics admits that it is the operator of the ATM relevant to this lawsuit. Except as specifically admitted, Paragraph 15 states a conclusion of law as to which no response is required. To the extent that Paragraph 15 is quoting the regulation, the language speaks for itself and any attempt to characterize the language is denied.

## FACTS RELATED TO PLAINTIFF'S TRANSACTION

16. Cardtronics admits that it acquired Access to Money, Inc. and operated Access to Money ATMs, but denies that the acquisition date was July 3, 2012. Cardtronics is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint, and on that basis denies each and every allegation.

17. Cardtronics admits that it does not hold any account of Plaintiff.

18. The allegations in Paragraph 18 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 18 states allegations of fact, Cardtronics denies them.

19. The allegations in Paragraph 19 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 19 states allegations of fact, Cardtronics denies them.

## CLASS ACTION ALLEGATIONS

20. Paragraph 20 of the Complaint states a conclusion of law as to which no response is required.

21. Cardtronics denies that it charges a "terminal owner fee." The remaining allegations of Paragraph 21 of the Complaint state a conclusion of law as to which no response is required.

22. The allegations in Paragraph 22 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 22 states allegations of fact, Cardtronics denies them.

23. The allegations in Paragraph 23 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 23 states allegations of fact, Cardtronics denies them.

24. The allegations in Paragraph 24 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 24 states allegations of fact, Cardtronics denies them.

25. Paragraph 25 of the Complaint states a conclusion of law as to which no response is required.

26. The allegations in Paragraph 26 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 26 states allegations of fact, Cardtronics denies them.

27. The allegations in Paragraph 27 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 27 states allegations of fact, Cardtronics denies them.

28. The allegations in Paragraph 28 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 28 states allegations of fact, Cardtronics denies them.

29. The allegations in Paragraph 29 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 29 states allegations of fact, Cardtronics denies them.

30. The allegations in Paragraph 30 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 30 states allegations of fact, Cardtronics denies them.

31. The allegations in Paragraph 31 of the Complaint state conclusions of law as to which no response is required. To the extent Paragraph 31 states allegations of fact, Cardtronics denies them.

## **SUBSTANTIVE VIOLATION**

32. Paragraph 32 of the Complaint states a conclusion of law as to which no response is required.

33. Paragraph 33 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 33 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

34. Paragraph 34 of the Complaint states a conclusion of law as to which no response is required. To the extent that Paragraph 34 is quoting the statute, the language speaks for itself and any attempt to characterize the language is denied.

35. Paragraph 35 of the Complaint states a conclusion of law as to which no response is required.

36. The allegations in Paragraph 36 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 36 states allegations of fact, Cardtronics denies them.

37. The allegations in Paragraph 37 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 37 states allegations of fact, Cardtronics denies them.

38. The allegations in Paragraph 38 of the Complaint state conclusions of law as to which no response is required.  To the extent Paragraph 38 states allegations of fact, Cardtronics denies them.

39. The allegations in Paragraph 39 of the Complaint state conclusions of law as to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state a valid claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Statutory Safe Harbor)**

Cardtronics has no liability to Plaintiff pursuant to 15 U.S.C. § 1693h(d).  Prior to the incident complained of, Cardtronics had the appropriate notice posted on the relevant ATM.  The notice was subsequently removed by a third party and not by Cardtronics.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff is not entitled to recover as Plaintiff has waived any right to recovery by virtue of Plaintiff's conduct herein.

### FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff, as result of Plaintiff's own conduct, is estopped from prevailing on Plaintiff's claims.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff, as result of Plaintiff's own conduct, is barred from obtaining any relief against Cardtronics under the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Wrongful Acts of Third Parties)

Individuals other than Cardtronics were careless and negligent in and about the matters alleged and that said carelessness and negligence on their part proximately contributed to and/or caused Plaintiff's damages, if any, and that should Plaintiff recover any damages, Cardtronics is entitled to have such damages reduced or eliminated to the extent the third parties caused or contributed to such damages.

### SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Cardtronics has at all times acted in good faith and with reasonable procedures in place to fully comply with the EFTA and other applicable regulations.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff is not entitled to recover as Plaintiff has sustained no damages.

### NINTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

If the required notice was not on the ATM at issue, this violation was not intentional and resulted from a bona fide error notwithstanding Cardtronics' maintenance of procedures reasonably adapted to avoid any such error.  15 U.S.C. § 1693m(c).

### RESERVATION OF DEFENSES

Cardtronics presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses.  Cardtronics reserves the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

### PRAYER FOR RELIEF

Cardtronics respectfully requests that the Court:

    (1)    Dismiss the Complaint with prejudice in its entirety and/or enter judgment in Cardtronics' favor and against Plaintiff;

    (2)    Grant Cardtronics its attorneys' fees and costs to the extent recoverable under the law; and

    (3)    Award Cardtronics any other relief the Court deems just and equitable.

Dated:  August 7, 2012                                    Respectfully submitted,

*/s/ Stephen Wieder*
Stephen Wieder (NY Bar No. SW 1442)
COOLEY LLP
1114 Avenue of the Americas
New York, NY  10036
Telephone:  (212) 479-6000
Facsimile:  (212) 479-6275
Email:  swieder@cooley.com


Of Counsel:

Douglas P. Lobel (VA Bar No. 42329)
David A. Vogel (VA Bar No. 48971)
COOLEY LLP
11951 Freedom Drive
Reston, VA  20190-5656
Telephone:  (703) 456-8000
Facsimile:  (703) 456-8100
Email:  dlobel@cooley.com
Email:  dvogel@cooley.com

*Attorneys for Cardtronics USA, Inc.*

## CERTIFICATE OF SERVICE

I, Stephen Wieder, an attorney, certify that on August 7, 2012, I caused to be electronically filed **CARDTRONICS' ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court, using the Court's CM/ECF system, which will send electronic notification of the filing to all parties who have appeared and are registered as CM/ECF participants in this matter. Parties may access this filing through the Court's system.

>  */s/ Stephen Wieder*
> Stephen Wieder (NY Bar No. SW 1442)
> COOLEY LLP
> 1114 Avenue of the Americas
> New York, NY  10036
> Telephone:  (212) 479-6000
> Facsimile:  (212) 479-6275
> Email:  swieder@cooley.com

527610 /RE